# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:17-CV-429-DCK

| | |
|---|---|
| AXXON INTERNATIONAL, LLC, | ) |
| Plaintiff, | ) |
| v. | ) ORDER |
| GC EQUIPMENT, LLC and GLOBECORE GMBH, | ) |
| Defendants. | ) |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff's Motion To Strike Pleadings And For Entry Of A Default Against Defendant GC Equipment, LLC" (Document No. 59) and "Globecore GmbH's Motion To Dismiss" (Document No. 61, p. 1). The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. §636(c), and these motions are ripe for disposition. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will grant the motions in part and deny the motions in part.

## I. BACKGROUND

Plaintiff Axxon International, LLC ("Plaintiff" or "Axxon") initiated this action with the filing of its Complaint (Document No. 1) against Defendant GC Equipment, LLC, doing business as Globecore GmbH, on July 20, 2017. GC Equipment, LLC ("GC Equipment") originally argued for dismissal based on insufficient process and insufficient service of process pursuant to Fed.R.Civ.P 12(b)(4) and 12(b)(5) in a "Motion To Dismiss" filed on September 5, 2017. (Document No. 12). GC Equipment later withdrew its original motion to dismiss. (Document No. 20).

On November 20, 2017, GC Equipment filed a "Motion to Dismiss, Answer, And Affirmative Defenses." (Document No. 21). GC Equipment's Answer asserted for the first time that there is a lack of personal jurisdiction. (Document No. 21, p. 1). The Answer also asserted that GC Equipment should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6). (Document No. 21, p. 2).

The parties consented to Magistrate Judge jurisdiction on December 8, 2017, and this case was reassigned to the undersigned. (Document Nos. 22 and 23). On January 31, 2018, the Court issued a "Pretrial Order And Case Management Plan" (Document No. 26). The "…Case Management Plan" included the following deadlines: discovery – September 24, 2018; mediation – October 15, 2018; and dispositive motions - October 22, 2018. Id.

On March 20, 2018, Plaintiff filed an "Amended Complaint" naming both GC Equipment *and* Globecore GmbH ("Globecore") as Defendants. (Document No. 28).

The Amended Complaint states that Plaintiff is a limited liability company, organized and existing under the laws of the State of North Carolina, with its principal place of business in Rock Hill, South Carolina. (Document No. 28, p. 1). Plaintiff is "a wholesale supplier of medical equipment and industrial machinery and fabrication," providing "complete project management support for local, state, and federal agencies." (Document No. 28, p. 4). Plaintiff's members are Randy Lenz ("Lenz"), Art Ward ("Ward"), and Equity Investment Partners, LLC ("EIP"). Id.

The Amended Complaint describes GC Equipment as "a limited liability company, organized and existing under the laws of the State of California, with its principal place of business in Los Angeles, California." (Document 28, p. 2). GC Equipment's members are Dylan Baum ("Baum") and Richard Messina ("Messina"), both citizens of California. Id.

Defendant Globecore "is a foreign corporation organized and existing under the laws of Germany, with its principal place of business in Oldenburg Eversten, Germany." Id. Plaintiff contends that Globecore "is a transformer oil filtration equipment manufacturer that sells and manufactures industrial equipment for the production of bitumen and transformer oil purification and regeneration across the country." (Document No. 28, p. 4). GC Equipment is Globecore's "factory franchised new equipment/material dealer with full parts, service, and warranty capacity in the United States." (Document 28, p. 4).

Plaintiff entered into a contract (the "USACE Contract") with the U.S. Army Corp. of Engineers (the "USACE") on September 30, 2016, that was later modified on October 17, 2017. Id. See also (Document No. 28-1 and 28-2). Plaintiff then contracted with Globecore through a "Purchase Order" in November 2016, to provide an oil filtration system in fulfillment of Plaintiff's USACE Contract. (Document No. 28, p. 4) See also (Document No. 28-3). "In order to fulfill the USACE Contract, on November 8, 2016, AXXON entered into an Agreement with GLOBECORE, whereby GLOBECORE agreed to provide the Oil Filtration System referenced in CLIN 001, in compliance with the specifications enumerated in the USACE Contract." (Document No. 28, ¶ 22) (footnotes omitted). Baum, of GC Equipment, executed the "Purchase Order" agreement as Globecore's authorized agent on November 9, 2016. Id. See also (Document No. 28-3; Document No. 30, p. 6). The Globecore Contract designates Globecore as "Vendor" and provides an address in Dickinson, Texas. (Document No. 28-3). Plaintiff paid a $20,000.00 deposit in accordance with the Globecore Contract to GC Equipment as the agent for Globecore. (Document No. 28, p. 5).

According to the Amended Complaint, this Court has *in personam* jurisdiction over GC Equipment and Globecore because of their "substantial and continuous contacts with the State of

North Carolina, including entering into a subcontractor agreement with AXXON in North Carolina." (Document No. 28, p. 2). Additionally, Plaintiff asserts that the Globecore Contract "has a mandatory venue provision, which requires that venue for any dispute shall be in North Carolina." Id.; see also, (Document No. 23-3). Plaintiff maintains that GC Equipment "was and is Globecore's authorized agent to act on behalf of Globecore," and acted as Globecore's authorized agent pertaining to the Purchase Order agreement. (Document No. 28, pp. 2, 4). Plaintiff also asserts that GC Equipment had "routine and continuous" contact with Plaintiff in North Carolina regarding execution of the underlying agreement(s). (Document No. 28, pp. 2-3).

The Amended Complaint asserts claims for: (1) breach of contract against Globecore; and (2) intentional interference with contract against both GC Equipment and Globecore. (Document No. 28, pp. 7-10). Plaintiff contends that GC Equipment and Globecore "knowingly and willfully interfered with Axxon's contractual relationship with USACE." (Document No. 28, p.9).

The "Amended Complaint" notes that it was filed with opposing counsel's written consent. (Document No. 28, p. 1, n. 1). Moreover, on April 3, 2018, "Defendant GC Equipment LLC's Written Consent To Amend Complaint" was filed with the Court confirming that GC Equipment consented to allowing Plaintiff to amend its Complaint, naming GC Equipment as a Defendant, on March 20, 2018. (Document No. 29). Neither the "Amended Complaint," nor "Defendant GC Equipment LLC's Written Consent To Amend Complaint" suggest that GC Equipment disputed the Court's jurisdiction in this matter. (Document Nos. 28 and 29).

"Defendant GC Equipment LLC's Motion To Dismiss, Answer, And Affirmative Defenses In Response To Plaintiff's Amended Complaint" (Document No. 30) was also filed on April 3, 2018, and in that pleading GC Equipment again asserted motions to dismiss pursuant to Fed.R.Civ.P. 12 (b)(2) and 12(b)(6). GC Equipment's Answer acknowledges that "during the time

described in Axxon's Amended Complaint, GC Equipment acted as a manufacturer's representative and agent for GlobeCore." (Document No. 30, pp. 4, 12). GC Equipment goes on to assert that it was Axxon and GlobeCore that entered into the "Purchase Order." (Document No. 30, pp. 6, 9-10) (citing Document No. 28-3).

"Defendant GC Equipment LLC's Motion to Dismiss for Lack of Personal Jurisdiction" (Document No. 32) was filed on April 17, 2018. GC Equipment sought dismissal of this action pursuant to Fed.R.Civ.P. 12(b)(2), for lack of personal jurisdiction. (Document No. 32). GC Equipment contended that it is not subject to personal jurisdiction in North Carolina because it lacks the requisite contacts with the forum state. (Document No. 33, p. 7). The undersigned issued an "Order" on July 6, 2018, denying without prejudice "Defendant GC Equipment, LLC's Motion to Dismiss for Lack of Personal Jurisdiction" (Document No. 32). (Document No. 39)

The undersigned issued an "Order" (Document No. 43) on August 17, 2018, granting "Defendant GC Equipment LLC's Motion To Vacate or Modify Pretrial Order And Case Management Plan And To Stay Or Suspend Discovery Pending Service And Appearance By Defendant Globecore GMBH" (Document No. 40). The Court stayed this matter "until Defendant Globecore GmbH is served, or **December 18, 2018**, whichever occurs first." (Document No. 43, p.1).

On September 7, 2018, this Court received a letter from Dr. Julia Bessonova, Director of Globecore GmbH, indicating that Globecore received a copy of the Complaint on August 27, 2018, and stating that it "has no financial connection with GC Equipment regarding this or any other contract." (Document No. 44). Plaintiff then filed a "...Motion To Strike Defendant Globecore GMBH's Response," because it was not filed by licensed counsel. (Document No. 45). The undersigned denied the motion to strike without prejudice. (Document No. 46).

On October 2, 2018, Plaintiff filed a "Notice Of Filing Of Return Of Service Certificate" (Document No. 47) confirming that the Amended Complaint was served on Defendant Globecore GmbH on August 27, 2018. "Plaintiff's Motion For Entry Of Clerk's Default Against Defendant Globecore GMBH" (Document No. 48) was also filed on October 2, 2018.

On October 9, 2018, notices of appearance of Defendant Globecore's counsel, Nancy Black Norelli, Donna P. Savage, and Keith A. Gross were filed with the Court. (Document Nos. 48-51). The next day, Globecore's "…Answer And Motion To Dismiss For Lack Of Personal Jurisdiction" (Document No. 53) was filed.

On October 12, 2018, the undersigned denied "Plaintiff's Motion For Entry Of Clerk's Default…" and directed the parties to file proposed revisions to case deadlines. (Document No. 54). Based on a proposal by counsel for each party, the undersigned re-set case deadlines on October 29, 2018, including the following: Discovery Completion – June 24, 2019; Mediation Report – July 10, 2019; Motions – July 19, 2019; and Trial – October 28, 2019. (Document No. 56).

On January 10, 2019, counsel for GC Equipment filed a "Motion To Withdraw As Counsel" (Document No. 57). The motion states in part that "GC Equipment does not want the undersigned counsel to pursue any further defense on its behalf, with the understanding that the Court may enter an adverse judgment against GC Equipment if Plaintiff proves its claims against GC Equipment." (Document No. 57, p. 2). The "Motion To Withdraw…" includes an "Affidavit In Support…" (Document No. 57-1) executed by Dylan Baum, Member/Manager GC Equipment, LLC. Baum's Affidavit provides:

> 2. GC Equipment was organized under the laws of the State of California **primarily to act as a manufacturer's representative for Globecore GmbH**. That relationship has ended.

3. For economic reasons, GC Equipment has elected to wind-up its business and terminate its existence under California law.

4. As Member/Manager of GC Equipment, I have been informed and understand that GC Equipment may owe Plaintiff damages as alleged in the Complaint, if proven at the trial of this case. In view GC Equipment's current financial condition and intention to terminate its existence, GC Equipment has no interest or the financial ability in continuing to defend or contesting Plaintiffs claims, even if that means that an adverse judgment may be entered against GC Equipment.

5. GC Equipment will not oppose or contest the entry of judgment which may be entered against it by the Court for such damages as may be awarded to Plaintiff by the Court. Therefore, GC Equipment does not wish its counsel to pursue any further defense on its behalf.

(Document No. 57-1, pp. 1-2) (emphasis added).

The undersigned granted GC Equipment, LLC's counsel's "Motion To Withdraw As Counsel" (Document No. 57) on January 10, 2019, and further ordered GC Equipment to retain new counsel by January 24, 2019, or face possible sanctions, including default judgment. (Document No. 58).

"Plaintiff's Motion To Strike Pleadings And For Entry Of A Default Against Defendant GC Equipment, LLC" (Document No. 59) was filed on February 4, 2019. GC Equipment has failed to file any response and the time to do so has lapsed. See Local Rule 7.1(e).

"Defendant Globecore GmbH's Motion To Dismiss" (Document No. 61) was filed on February 6, 2019. Globecore seeks dismissal of the Amended Complaint pursuant to Fed.R.Civ.P. 12(b)(2). (Document No. 61). On February 20, 2019, "Plaintiff's Brief In Opposition To Defendant…" (Document No. 62) was filed. Defendant "Globecore GmbH's Objections And Reply Brief To Axxon's Response To Globecore, GmbH's Motion To Dismiss" (Document No. 63) was filed February 27, 2019.

The pending motions are ripe for review and disposition.

## II. STANDARD OF REVIEW

A party invoking federal court jurisdiction has the burden of establishing that personal jurisdiction exists over the defendant. New Wellington Fin. Corp. v. Flagship Resort Dev. Corp., 416 F.3d 290, 294 (4th Cir. 2005); Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989).

> When a court's personal jurisdiction is properly challenged by a Rule 12(b)(2) motion, the jurisdictional question thus raised is one for the judge, with the burden on the plaintiff ultimately to prove the existence of a ground for jurisdiction by a preponderance of evidence. . . . [W]hen, as here, the court addresses the question on the basis only of motion papers, supporting legal memoranda and the relevant allegations of a complaint, the burden on the plaintiff is simply to make a prima facie showing of a sufficient jurisdictional basis in order to survive the jurisdictional challenge. In considering a challenge on such a record, the court must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction.

Combs, 886 F.2d at 676. (internal citations omitted). "Mere allegations of in personam jurisdiction are sufficient for a party to make a prima facie showing." Barclays Leasing, Inc. v. National Business Systems, Inc., 750 F.Supp. 184, 186 (W.D.N.C. 1990). The plaintiff, however, "may not rest on mere allegations where the defendant has countered those allegations with evidence that the requisite minimum contacts do not exist." IMO Industries, Inc. v. Seim S.R.L., 3:05-CV-420-MU, 2006 WL 3780422 at *1 (W.D.N.C. December 20, 2006). "Rather, in such a case, the plaintiff must come forward with affidavits or other evidence to counter that of the defendant . . . factual conflicts must be resolved in favor of the party asserting jurisdiction...." Id.

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A

complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also, Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (quoting Twombly, 550 U.S. at 555-56).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

### III. DISCUSSION

**A. Axxon's Motion To Strike and for Entry Of Default**

"Plaintiff's Motion To Strike Pleadings And For Entry Of A Default Against Defendant GC Equipment, LLC" was filed pursuant to Fed.R.Civ.P. 12(f), 16, and 55. (Document No. 59, p.

9

1). In support of its motion, Plaintiff notes that the Court allowed GC Equipment's counsel's "Motion To Withdraw…" (Document No. 57) on January 10, 2019, and ordered that GC Equipment retain new counsel by January 24, 2019, or risk sanctions including default judgment. (Document No. 60, p. 1) (citing Document No. 58). Plaintiff further notes that new counsel has not appeared for GC Equipment. Id.

In support of its motion, Plaintiff contends that it is well-established that corporate entities appearing in federal court, including limited liability companies, must be represented by counsel. (Document No. 60, p. 2) (citing Rowland v. Cal Men's Colony, Unit II Men's Advisory Coun., 506 U.S. 194, 202 (1993); Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985); and Sea Island Co. v. The IRI Group, LLC, 3:07-CV-013-MR, 2007 WL 2997660 at *2 (W.D.N.C. 2007)). Plaintiff then argues that courts have held that a corporation's failure to retain new counsel after the withdrawal of its initial counsel is a valid basis for a court to enter default and a default judgment against a corporation. (Document No. 60, pp. 2-3) (citing Barnett v. AS & I, LLC, 2014 WL 1641905, at *1-2 (N.D.Tex. Apr. 24, 2014); Christa Constr., LLC v. Connelly Drywall, LLC, 879 F.Supp.2d 389, 391 (W.D.N.Y. 2012); Next Proteins, Inc. v. Distinct Beverages, Inc., 2012 WL 314871, at *1-2 (E.D.N.Y. Feb. 1, 2012); Kapusta v. Wints, Etc., LLC, 2011 WL 1883033, at *1 (D.S.C. Apr. 15, 2011) adopted by 2011 WL 1883029 (D.S.C. May 18, 2011); and Galtieri-Carlson v. Victoria M. Morton Enter., Inc., 2010 WL 3386473, at *2-3 (E.D.Cal. Aug. 26, 2010).

The undersigned also finds a more recent decision by this Court to be instructive. See KCA Penland Holdings Corp. v. Great Lakes Directional Drilling, Inc., 5:14-CV-175-RLV-DCK, 2017 WL 812479 (W.D.N.C. March 1, 2017). In this decision, the Honorable Richard L. Voorhees noted that "GLDD's conduct since it consented to its most recent counsel's motion to withdraw demonstrates that GLDD has no intention of retaining new counsel to present a defense to KCA

Penland's claims."  KCA Penland Holdings Corp., 2017 WL 812479, at *3.  As a result, Judge Voorhees directed the Clerk to enter default against the defendant corporation.  Id.

GC Equipment has failed to file a response to Plaintiff's motion and the time to do so has lapsed.  See Local Rule 7.1(e).  Moreover, as noted above, Dylan Baum of GC Equipment stated in his "Affidavit In Support Of Motion For Leave To Withdraw" that "GC Equipment has no interest or the financial ability in continuing to defend or contesting Plaintiffs claims**, even if that means that an adverse judgment may be entered** against GC Equipment" and "GC Equipment **will not oppose or contest the entry of judgment which may be entered** against it by the Court for such damages as may be awarded to Plaintiff by the Court."  (Document No. 57-1, pp. 1-2).

Baum's "Affidavit…" indicates that GC Equipment has made a deliberate decision not to retain new counsel or otherwise defend this lawsuit and accepts that it may be liable for damages to Plaintiff.  Id.

Based on the foregoing, the undersigned will direct the Clerk of Court to issue an entry of default as to GC Equipment.  The undersigned will decline to strike GC Equipment's pleadings at this time but may reconsider that request with an appropriate motion for default judgment at a later date.  See Next Proteins, Inc., 2012 WL 314871, at *2 ("In entering default judgment against a corporate defendant for failing to appear by counsel, it is also appropriate for a court to strike the answer and counterclaims of that defendant").

B.  **Globecore's Motion To Dismiss**

"Globecore GmbH's Motion To Dismiss" was filed pursuant to Fed.R.Civ.P. 12(b)2).  (Document No. 61, p. 1).  In addition, Globecore seems to suggest that the Amended Complaint should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim.  See (Document No. 61, pp. 2, 5, 8).

By its motion, Globecore contends that it is a separate entity than GC Equipment, organized and existing under the laws of Germany, and that it is not referenced in the Purchase Order underlying this lawsuit. (Document No. 61, p. 2). Globecore asserts that if Plaintiff is pursuing claims against it based on an agency relationship between GC Equipment and Globecore, then Plaintiff must show:

> (1) GC EQUIPMENT, LLC engaged in substantial activity in North Carolina, (2) that GC EQUIPMENT, LLC acted as an agent for GLOBECORE, GmbH, and (3) that GLOBECORE, GmbH exercised sufficient control over GC EQUIPMENT, LLC that forcing GLOBECORE, GmbH to litigate in North Carolina does not offend traditional notions of fair play and substantial justice.

(Document No. 61, p. 4). Globecore concludes that Plaintiff has not alleged sufficient facts to support an agency relationship. (Document No. 61, p. 5).

Globecore argues that there is a "corporate separateness" between itself and GC Equipment that precludes a finding of jurisdiction over Globecore based on GC Equipment's contacts with North Carolina or execution of the Purchase Order. (Document No. 61, pp. 5-6) (citations omitted). However, Globecore also acknowledges that personal jurisdiction may arise out of an agency relationship "when parties manifest consent that one shall act on behalf of the other party and subject to his control." (Document No. 61, p. 6) (citing Bauer v. Douglas Aquatics, Inc., 207 N.C.App. 65, 74 (2010). Globecore further states that it is "the degree of control that one entity maintains over another entity that determines personal jurisdiction." (Document No. 61, p. 7) (citing Nucor Corp. v. Bell, 482 F.Supp.2d 714, 722 (D.S.C. 2007)).

Defendant Globecore further argues that the Amended Complaint is "void of allegations of control" and that "[l]egal conclusions regarding the existence of an agency relationship without supporting facts are insufficient to state a claim." Id. (citations omitted). Globecore then re-asserts that the Amended Complaint lacks a sufficient factual basis to support an agency

12

relationship between itself and GC Equipment, and therefore, Axxon fails to state a claim upon which relief may be granted and cannot show that the exercise of jurisdiction meets due process requirements. (Document No. 61, p. 8).

In response, Plaintiff first contends that Globecore has waived its objections to personal jurisdiction because the underlying contract contains a valid forum selection clause that applies to Globecore. (Document No. 62, pp. 6-10, 19-23). In support of its position, Plaintiff quotes several cases from this Court: Viper Publishing LLC v. Bailey, 3:17-CV-314-GCM, 2017 WL 6397544 at *2 (W.D.N.C. 2017) (citing Consulting Engineers Corp. v. Geometric Ltd., 561 F.3d 273, 281 n. 11 (4th Cir. 2009) ("Forum selection clauses act as a waiver to personal jurisdiction objections, and forum selection clauses are prima facie valid"); OMG America, Inc. v. RT Precision Machinery, LP, 3:08-cv-071-RJC, 2009 WL 1783554 at *6 (W.D.N.C. 2009) (quoting D.H. Blare & Co., Inc. v. Gottdiener, 462 F.3d 95, 103 (2d Cir. 2006)) ("Parties can consent to personal jurisdiction through forum-selection clauses in contractual agreements"); and Celanese Acetate, LLC v. Lexcor, Ltd., 3:08-CV-530-FDW, 632 F.Supp.2d 544, 547 (W.D.N.C. 2009) ("It is well settled that a valid forum-selection clause may 'act as a waiver to objections to personal jurisdiction.'").

Plaintiff argues that Globecore is attempting to avoid the mandatory forum selection clause by alleging that the contract was actually entered into with GC Equipment, but that Globecore has failed to provide any supporting affidavits or declarations. (Document No. 62, p. 8). Moreover, Plaintiff reminds the Court that in reviewing a motion to dismiss the Court must accept the uncontroverted allegations of Plaintiff and resolve any factual conflicts in its favor. (Document No. 62, p. 9). Among those factual allegations, Plaintiff notes that: GC Equipment was and is Globecore's authorized agent; Globecore entered into the subcontractor agreement at issue; GC

Equipment acted as Globecore's authorized agent pertaining to the subcontractor agreement; Axxon entered into an Agreement with Globecore; and Baum signed the Globecore contract as Globecore's authorized agent. (Document No. 62, pp. 9-10) (quoting Document No. 28).

Plaintiff further argues that Globecore's arguments about "corporate separateness" are irrelevant. (Document No. 62, p. 10) (citations omitted). Plaintiff insists GC Equipment had authority to enter into the contract on behalf of Globecore. Id. In support, Plaintiff quotes Baum's Affidavit which provides in part "[a]t all times material to this action, GC Equipment acted as a manufacturer's representative and agent for Defendant Globecore GmbH." (Document No. 62, pp. 11-12) (quoting Document No. 33-1); see also (Document No. 57-1)("GC Equipment was organized under the laws of the State of California primarily to act as a manufacturer's representative for Globecore GmbH").

Globecore's "…Reply Brief…" largely re-asserts the arguments in its initial brief. (Document No. 63). The crux of the reply seems to be that the Amended Complaint does not sufficiently allege the nature and extent of the purported agency relationship, including evidence of the day-to-day control. Id.

Contrary to Defendant Globecore's arguments, the undersigned finds that the Amended Complaint provides sufficient allegations to support plausible claims as to Globecore. Moreover, the undersigned finds Plaintiff's arguments and authority in support of this Court's jurisdiction to be persuasive. In short, the undersigned is satisfied that Plaintiff's claims should survive at this stage of the litigation and that the motion to dismiss should be denied, without prejudice to Defendant re-asserting some of its arguments at a later date.

The undersigned observes that legitimate questions have been raised about the nature and extent of the relationship between Globecore and GC Equipment; however, Plaintiff is not

required to explain the details of that arrangement in its Amended Complaint. Plaintiff has sufficiently alleged that GC Equipment engaged in substantial activity in North Carolina and that GC Equipment acted as the agent for Globecore. See (Document No. 61, p. 4); see also (Document No. 39). Whether Globecore exerted "sufficient control" over GC Equipment appears to be an issue for another day.

Among the arguments and documents that suggest dismissal would be premature is a "Manufacturer's Authorization" dated November 14, 2016, on Globecore GmbH letterhead, and apparently signed by Dr. Julia Bessonova as Director of Globecore GmbH. (Document No. 62-10). The authorization states in pertinent part:

> Whereas **GLOBECORE GmbH** who are established and reputable manufacturers of **Equipment for transformer oil regeneration and purification** having factories **at Edewechter Landstrasse 173, Oldenburg-Eversten, Germany**
> . . .
> do hereby authorize
>
>   **GC Equipment, LLC, located at 10600 Wilshire Blvd. #422, Los Angeles, CA, 90024**
>
> as the factory franchised new equipment/material dealer with full parts, service and warranty capacity in the Unites States of America.
>
> **GC Equipment, LLC** independently owns and operates an exclusive official service center for Globecore GmbH in USA at 1750-H Dickinson Ave (FM 1266) Dickinson, TX, 77539.

(Document No. 62-10).

The undersigned notes that Dr. Bessonova's "Manufacturer's Authorization" appears to conflict with the letter she submitted to the Court on or about September 5, 2018, wherein she states that GC Equipment has "**no authorization**, explicit or implied, to enter into contracts on behalf of Globecore GmbH, that is, GC Equipment in the person of Dylan Baum concluded a contract with AXXON at its own risk and peril." (Document No 44) (emphasis added); see also

(Document No. 62-10).  Plaintiff has also attached other documents related to this action where Dylan Baum has signed as a representative of Globecore.  See (Document No. 62-4, p. 13; Document No. 62-11, p. 2).

The Texas address in the "Manufacturer's Authorization" for the "exclusive and official service center for Globecore GmbH" is the same as the address listed for "Vendor Globecore" on the underlying "Purchase Order," and apparently, is within about four (4) miles of the office of Globecore's counsel in this matter.  (Document No. 28-3).  It appears to be undisputed that GC Equipment is organized under the laws of California, with a principal place of business in Los Angeles, California.  See (Document No. 28, p. 2;  Document No. 30, p. 3;  Document No. 53, p. 2).

These documents and the parties' briefs suggest to the undersigned that there are factual issues that merit further development through discovery, if that has not already occurred, and/or review by a finder of fact.

Finally, the undersigned observes that all the extended deadlines in this case, except the trial deadline, have passed.  See (Document No. 56).  The parties have not indicated the need for any extensions;  however,  the deadline for mandatory mediation passed several months ago, and to date no mediation report has been filed.  Id.  See also Local Rule 16.2 and (Document No. 27).  As such, the undersigned will direct the parties to file, jointly if possible, proposed revised deadlines for a mediation report, a motion for default judgment, and for trial.

**IT IS, THEREFORE, ORDERED** "Plaintiff's Motion To Strike Pleadings And For Entry Of A Default Against Defendant GC Equipment, LLC" (Document No. 59) is **GRANTED in part** and **DENIED in part**:  the Clerk of Court is directed to enter default as to Defendant GC Equipment, LLC;  and the request to strike GC Equipment's Answer is denied without prejudice.

**IT IS FURTHER ORDERED** that "Globecore GmbH's Motion To Dismiss" (Document No. 61, p. 1) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the parties shall file proposed deadlines, as directed herein, by **October 4, 2019**.

**IT IS FURTHER ORDERED** that the trial of this matter will be continued from the October 28, 2019 trial term and rescheduled at a later date.

**SO ORDERED**.

Signed: September 29, 2019

David C. Keesler
United States Magistrate Judge